ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **HOSPITAL ESPAÑOL AUXILIO MUTUO DE PUERTO RICO, INC.**<br><br>Apelante<br><br>v.<br><br>**FIRST MEDICAL HEALTH PLAN, INC.; INTENATIONAL MEDICAL CARD, INC.**<br><br>Apelado | KLAN202400406 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2023CV03326**<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de septiembre de 2024.

Comparece ante nos el Hospital Español Auxilio Mutuo de Puerto Rico, Inc. (Hospital Auxilio Mutuo o parte apelante) y solicita que revisemos la *Sentencia* dictada el 21 de febrero de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. En virtud del referido dictamen, el tribunal *a quo* declaró *ha lugar* la solicitud de reconsideración presentada por First Medical Health Plan, Inc. (First Medical) e International Medical Card, Inc. (IMC) (en conjunto, parte apelada), mediante la cual reconsideró la *Resolución* emitida el 21 de agosto de 2023.

Asimismo, el TPI declaró *ha lugar* la *Moción de Desestimación* instada por First Medical y desestimó la *Demanda de Sentencia Declaratoria* incoada por el Hospital Auxilio Mutuo por falta de jurisdicción sobre la materia, así como por dejar de exponer una reclamación que justificara la concesión de un remedio.

Por las consideraciones que expondremos a continuación, se confirma el pronunciamiento apelado.

**I.**

Según surge del expediente, el 20 de abril de 2023, el Hospital Auxilio Mutuo, facilidad de servicios hospitalarios, presentó una demanda de sentencia declaratoria contra First Medical, organización de servicios de salud, e IMC, red exclusiva de proveedores para los suscriptores de First Medical. En la demanda se expuso, en síntesis, que los codemandados se negaron pagar ciertos servicios hospitalarios brindados, fundamentándose en señalamientos dirigidos al criterio médico. El Hospital Auxilio Mutuo solicitó al Tribunal que declarara ilegal la referida negación de pago por no concurrir con el criterio médico y, consecuentemente, ordenara el desembolso de las reclamaciones incluidas como anejo en la demanda, ascendentes a $3,923,855.65.

De la demanda se desprende que, entre el Hospital Auxilio Mutuo y First Medical existía un contrato para la línea de negocios comercial. Además, las partes pactaron que el procesamiento y pago de reclamaciones (facturas) se efectuaría conforme a los términos y condiciones dispuestos en la Ley 104 del 19 de julio de 2002, la Regla 73 del Comisionado de Seguros y el proceso de querellas de First Medical aprobado por el Comisionado de Seguros.

El 14 de junio de 2023, First Medical incoó una *Moción de Desestimación*, a través de la cual expuso varias razones por las cuales entendía que el TPI estaba impedido de conceder el petitorio del Hospital Auxilio Mutuo.[1] En primer orden, arguyó que la pretensión del Hospital Auxilio Mutuo de que el Tribunal ordenara el pago de más de 2,000 reclamaciones incluidas en el Anejo 1 de la demanda mediante sentencia declaratoria era improcedente en derecho. Añadió que emitir una sentencia declaratoria en el presente caso sería avalar que el Hospital Auxilio Mutuo escogiera no

---

[1] El 16 de junio de 2023 IMC solicitó al TPI unirse a la *Moción de Desestimación* presentada por First Medical.

presentar acciones de cobro de dinero separadas para determinar, caso a caso, si este tenía derecho al pago de alguna de las reclamaciones.

Por otro lado, First Medical argumentó que el Tribunal no podía emitir una sentencia declaratoria cuando existen organismos administrativos que, por ley, ostentan jurisdicción primaria sobre las controversias planteadas en la demanda de referencia. En ese sentido, adujo que la Oficina del Comisionado de Seguros de Puerto Rico (OCS) tiene jurisdicción primaria exclusiva sobre controversias relacionadas con el pago puntual de reclamaciones por servicios de cuidado de salud y facturación uniforme. Ante ello, esbozó que la omisión del Hospital Auxilio Mutuo de acudir en primera instancia al foro administrativo correspondiente provocó la falta de jurisdicción del foro judicial y, en consecuencia, la improcedencia de una sentencia declaratoria.

En armonía con lo anterior, First Medical esgrimió que el Hospital Auxilio Mutuo suscribió ciertos contratos de servicios de hospital con First Medical e IMC, mediante los cuales se acordaron procedimientos específicos que debían cumplirse para obtener el pago puntual de reclamaciones sometidas y si estaba en desacuerdo con la denegatoria de pago de alguna reclamación sometida. First Medical hizo hincapié en que de la demanda de epígrafe no surgía el cumplimiento específico del Hospital Auxilio Mutuo con dichos procedimientos.

De otro lado, First Medical razonó que el foro *a quo* estaba impedido de dictar una sentencia declaratoria ante el hecho esencial de que no surgía de la demanda ninguna deuda líquida, vencida y exigible. Por tanto, coligió que el Hospital Auxilio Mutuo presentó ante el Tribunal controversias abstractas, teóricas, remotas, académicas y/o especulativas, no posibles de resolver mediante el mecanismo de una sentencia declaratoria.

En reacción a la anterior solicitud, el Hospital Auxilio Mutuo presentó una *Oposición a Desestimación*. Sustancialmente, argumentó que: (1) no había remedios administrativos que agotar por no relacionarse la controversia a un reclamo de Ley de Pago Puntual sobre el cual la OCS pudiera tener jurisdicción; (2) no había remedios internos frente a First Medical que agotar, pues dichos mecanismos no están disponibles para atender controversias de derecho como los planteados en la *Demanda de Sentencia Declaratoria*; (3) las partes pactaron que, para resolver cualquier disputa por vía judicial, el TPI de San Juan sería el foro elegido; (4) al no tratarse de un cobro de dinero por la vía ordinaria, no aplicaba la doctrina de deuda líquida, vencida y exigible y (5) el mecanismo de sentencia declaratoria era adecuado en este caso, aunque se pudieran instar otros recursos.[2]

Luego de varios incidentes procesales, y analizadas todas las posturas traídas a su atención, el 21 de agosto de 2023, el TPI dictó una *Resolución,* por medio de la cual declaró *no ha lugar* la solicitud de desestimación de First Medical.

En desacuerdo con la antedicha decisión, el 5 de septiembre de 2023, First Medical solicitó reconsideración. En su escrito, aclaró que su posición no se basaba en la corrección o incorrección de las alegaciones que el Hospital Auxilio Mutuo incluyó en su *Demanda de Sentencia Declaratoria*, sino en la errónea utilización del mecanismo de la sentencia declaratoria como subterfugio para que el Tribunal evaluara de forma englobada 2,052 reclamaciones por servicios alegadamente prestados por el Hospital Auxilio Mutuo desde el 2013 y que cubren tres (3) líneas de negocio distintas reguladas por disposiciones federales, estatales y contractuales

---

[2] El Hospital Auxilio Mutuo también expresó en su oposición que el escrito de las codemandadas debía ser considerado como una solicitud de sentencia sumaria toda vez que exponía materias de defensas afirmativas y prueba documental. Además, alegó que, de una simple lectura, era forzoso concluir que dicho escrito no cumplía con la regla de sentencia sumaria ni su jurisprudencia.

diferentes y enmendadas en el período comprendido entre los años 2013 y 2023. First Medical reiteró cinco (5) fundamentos básicos expuestos en la solicitud de desestimación, cualquiera de los cuales, a su entender, justificaba, por sí solo, la desestimación de la causa de acción presentada por el Hospital Auxilio Mutuo. Estos son:

1. Ausencia de exposición de una reclamación que justifique la concesión de un remedio;
2. Falta de jurisdicción sobre la materia;
3. Incumplimiento sobre el mecanismo de sentencia declaratoria;
4. Falta de agotamiento de procedimiento de revisión establecido mediante contrato;
5. Inexistencia de deuda líquida, vencida y exigible.

Junto a las anteriores razones para desestimar la demanda de epígrafe, First Medical solicitó la celebración de una vista argumentativa, en donde las partes pudieran exponer con mayor precisión sus argumentos y explicar los fundamentos a favor y en contra de la desestimación del pleito.[3] El Hospital Auxilio Mutuo se opuso a la solicitud de reconsideración oportunamente.

El 20 de octubre de 2023 se celebró por videoconferencia una vista argumentativa, en la cual ambas partes expusieron sus respectivos planteamientos. Luego, el foro de instancia concedió un plazo para que presentaran memorandos de derecho para fijar sus posiciones finales.

Así las cosas, con el beneficio de los escritos de las partes, el TPI dictó la *Sentencia* que hoy revisamos. Según adelantado, el TPI declaró *ha lugar* la solicitud de reconsideración instada por First Medical relacionada al pronunciamiento dictado el 21 de agosto de 2023.

Además, el TPI, tras analizar los documentos sometidos y los argumentos vertidos en corte abierta, declaró *ha lugar* la moción de

---

[3] El 6 de septiembre de 2023 IMC solicitó al TPI unirse a la *Moción de Reconsideración* presentada por First Medical.

desestimación de First Medical y, en consecuencia, desestimó la *Demanda de Sentencia Declaratoria* incoada por el Hospital Auxilio Mutuo por falta de jurisdicción sobre la materia y por dejar de exponer una reclamación que justificara la concesión de un remedio.

En su análisis, el foro de instancia expuso que no ostentaba jurisdicción por existir procedimientos establecidos por el contrato entre las partes y por la ley vigente para cuestionar la denegatoria de reclamaciones, así como de foros administrativos con la pericia y jurisdicción para atender estos asuntos. Específicamente, explicó que, conforme al Código de Seguros, y a lo resuelto en *MCS Advantage v. Fossas Blanco et al.*, infra, la OCS es la encargada de adjudicar aquellas controversias que surjan al amparo de la Ley para el Pago Puntual de Reclamaciones. El TPI determinó que una vez se realice dicho proceso de revisión de utilización por parte de First Medical, de emitirse una determinación adversa al Hospital Auxilio Mutuo, este tiene disponibles procesos apelativos internos para presentar evidencia que sustente la necesidad del servicio médico antes de poder recurrir a la OCS y, finalmente, al Tribunal.[4]

Además, el foro de instancia determinó que procedía la desestimación de la demanda de epígrafe por no exponer una reclamación que justificara la concesión de los remedios solicitados por el Hospital Auxilio Mutuo. En esa dirección, explicó que el referido Hospital utilizó un mecanismo procesal (la sentencia declaratoria) inadecuado para ejercitar su reclamación. Asimismo, concluyó que el Hospital no agotó previamente el proceso expresamente previsto por el *Contrato de Servicios de Hospital* para resolver las objeciones o impugnaciones a las denegatorias de pago de facturas realizadas por First Medical y/o IMC.

---

[4] El TPI citó el Art. 8 del Reglamento Núm. 8463-2014 y el Art. 24.090 (F)(e) del Código de Seguros.

El TPI formuló que la jurisprudencia del Tribunal Supremo de Puerto Rico reserva el mecanismo de sentencia declaratoria a supuestos en que existan divergencias sobre la validez de un contrato o para resolver eventuales discrepancias en su interpretación. A su vez, aclaró que de primera intención denegó la moción de desestimación presentada por First Medical, por entender que la controversia trataba sobre la interpretación y aplicación del contrato. No obstante, precisó que, en el presente caso, tal problema de validez o de discrepancia en la interpretación del contrato entre el Hospital Auxilio Mutuo y las entidades codemandadas no existe. En ese sentido expresó que los términos del citado acuerdo son claros, por lo que resultaba innecesario realizar ejercicio interpretativo alguno. Conforme lo anterior, dictaminó en la sentencia impugnada que: "el mecanismo de sentencia declaratoria no está disponible para que este tribunal se exprese de forma general sobre miles de reclamaciones que, a todas luces, requieren un análisis individualizado. Este Tribunal no puede responsablemente imponer una obligación de pago sin determinar previamente que la denegación de cada una de las reclamaciones fue correcta o no."[5]

Por otro lado, en relación con el procesamiento y pago de reclamaciones (facturas), el TPI dispuso que este se efectúa de conformidad con los términos y condiciones de los procedimientos internos de querellas de las OSS, con la Ley para el Pago Puntual de Reclamaciones, la Regla 73 de la OCS y/o las cláusulas contractuales acordadas entre las partes. El foro de instancia determinó que no surgía de la *Demanda de Sentencia Declaratoria* ni del resto de las mociones y escritos presentados, el cumplimiento

---

[5] Véase, pág. 11 de la *Sentencia* apelada, pág. 12 del apéndice del recurso.

por parte del Hospital Auxilio Mutuo con el proceso de querellas de First Medical.

Por último, el TPI realizó las siguientes expresiones:

Además, **en caso de que se emita una determinación adversa y el HEAM[6] entienda que esta no es correcta, los términos y condiciones de los procedimientos internos de las OSS[7], el reglamento, la ley y el contrato proveen al Hospital específicos procesos apelativos internos y ante la OCS para que se pueda realizar más de una evaluación adicional de los servicios**. Todo ello con carácter previo a que el Hospital acuda a los Tribunales para impugnar, objetar u oponerse a cada una de las denegaciones de pago de las facturas por parte de las OSS. (Énfasis nuestro).

Todo lo anterior nos obliga a concluir que en base (sic) al o los contratos entre las partes, la ley aplicable y los hechos del caso, **aun cuando tuviéramos jurisdicción, no pudiéramos declarar lo que la parte demandante solicita**. Cualquier denegatoria al pago de las facturas por servicios "profesionales" u "hospitalarios" han de sujetarse necesariamente a los procedimientos de revisión internos contractual, legal y reglamentariamente previstos, con carácter previo a recurrir a los Tribunales. (Énfasis nuestro).

Por estar inconforme con la determinación del foro primario, el 4 de marzo de 2024, el Hospital Auxilio Mutuo instó una *Solicitud de Reconsideración*, a la cual se opuso First Medial mediante moción presentada el 14 de marzo de 2024.[8] La solicitud de reconsideración fue denegada por el TPI en una *Resolución* dictada el 25 de marzo de 2024.

Aun en desacuerdo, el Hospital Auxilio Mutuo comparece ante nos en recurso de apelación y plantea que el TPI cometió los siguientes errores:

Erró el TPI al declararse sin jurisdicción y abusó de su discreción al denegar el remedio declaratorio por este fundamento.

Erró el TPI al apartarse de la normativa sobre solicitudes de desestimación.

Erró el TPI al resolver en los méritos ciertas controversias aun luego de haberse declarado sin jurisdicción.

---

[6] Hospital Auxilio Mutuo.

[7] Asegurador u Organización de Servicios de Salud.

[8] El 14 de marzo de 2024 IMC instó ante el TPI una moción uniéndose a la oposición a solicitud de reconsideración presentada por First Medical.

Erró el TPI al volver a pasar juicio sobre la misma moción de desestimación y al no resolver la moción de desestimación como una moción de sentencia sumaria.

Erró el TPI al desestimar sin permitir pasar prueba o enmendar la demanda.

Erró el TPI al no aplicar correctamente la normativa sobre sentencias declaratorias y no considerar lo resuelto en KLCE202101223.

El 17 de mayo de 2024, First Medical presentó su alegato, al cual se unió IMC. Con el beneficio de la comparecencia de todas las partes, estamos en posición de resolver.

**II.**

**A.**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es uno de los vehículos procesales disponibles para que una parte solicite la desestimación de una demanda. Entre las defensas a formularse se encuentran la falta de jurisdicción sobre la materia y el dejar de exponer una reclamación que justifique la concesión de un remedio.

Así, al enfrentarse a una moción de desestimación de esta naturaleza, el juzgador debe dar por buenas y ciertas todas las alegaciones fácticas delineadas en la demanda y considerarlas del modo más favorable a la parte demandante. *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013).  No obstante, para que ello ocurra, los hechos deben ser aseverados de forma adecuada, así como también, expresados clara y concluyentemente y que de su faz no den margen a dudas. *Colón v. Lotería*, 167 DPR 625, 649 (2006).

Ahora bien, el promovente de la solicitud de desestimación prevalecerá si le demuestra al TPI que -aun dando por ciertos los hechos correctamente alegados- la demanda instada no expone una reclamación que justifique la concesión de un remedio. *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

Se desprende de lo antepuesto que, el juez o la jueza, al evaluar una solicitud de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, está obligado/a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. *Rivera Sanfeliz, et al. v. Jta. Dir. First Bank*, supra; *Colón v. Lotería*, supra. Así, solo cuando el TPI efectúe dicho examen y esté convencido de que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar, es que procederá desestimar la demanda. *Colón Rivera et al. v. ELA*, supra, a la pág. 1049; *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013)*; Pressure Vessels P.R. v. Empire Gas P.R.*, supra.

La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. *Consejo de Titulares v. Gómez Estremera et al*, 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.*, supra. Entonces, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Íd.*

**B.**

La jurisdicción se define como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). La falta de jurisdicción de un tribunal no es subsanable, por lo que el tribunal está impedido de asumir la jurisdicción, a su discreción, donde no la hay. *Pueblo v. Torres Medina,* 211 DPR 950 (2023); *SLG Szendrey Ramos v. F. Castillo,* 169 DPR 873, 883 (2007); *Souffront*

*v. AAA,* 164 DPR 663 (2005). De igual manera, las partes no pueden voluntariamente conferirle o abrogarle jurisdicción al tribunal.

Por consiguiente, al determinar que no se tiene jurisdicción, el tribunal tiene que desestimar la reclamación ante sí, sin entrar a resolverla en sus méritos. *MCS Advantage v. Fossas Blanco et al,* 211 DPR 135, 146 (2023). Esto se fundamenta en que, si un tribunal dicta una sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Cordero et al. v. ARPe et al.,* 187 DPR 445, 447 (2012).

En armonía con lo anterior, sabido es que los foros judiciales de Puerto Rico son tribunales de jurisdicción general, lo cual implica que tienen autoridad para atender cualquier causa de acción que presente una controversia propia para adjudicación, a menos que no tengan jurisdicción sobre la materia. *Junta Dir. Cond. Montebello v. Fernández,* 136 DPR 223, 230 (1994). Por ello, para privar a un tribunal de jurisdicción general de su autoridad para entender en algún asunto particular, es necesario que así se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria. *Íd.*

Así, cuando el Estado delega funciones gubernamentales a las agencias administrativas, puede existir duda sobre cuál foro posee jurisdicción original para justipreciar una controversia que surja en relación con la función delegada. *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 709 (2014); *CBS Outdoor v. Billboard One, Inc. et al.,* 179 DPR 391, 403 (2010). Para dichas ocasiones, se utiliza la doctrina de jurisdicción primaria. *Aguilú Delgado v. P.R. Parking System,* 122 DPR 261, 266 (1988).

La doctrina de jurisdicción primaria tiene dos (2) vertientes: la jurisdicción primaria exclusiva y la jurisdicción primaria concurrente. La jurisdicción primaria exclusiva se da cuando la Asamblea Legislativa, por medio de un estatuto, confiere

jurisdicción exclusiva a un organismo administrativo. Los tribunales quedan excluidos de intervenir en primera instancia en las materias o los asuntos sobre los cuales se le ha conferido la jurisdicción exclusiva a una agencia. *Rodríguez Rivera v. De León Otaño*, supra, a las págs. 708-710. Por otra parte, jurisdicción primaria concurrente ocurre cuando la ley permite que la reclamación se inicie en el foro administrativo o en el judicial. Sin embargo, se cede la primacía al órgano administrativo y, como consecuencia, ocurre un "aplazamiento de interacción por parte del Tribunal hasta que se proceda a resolver finalmente por la agencia". *Íd.*, citando a Fernández Quiñones, *op. cit.*, pág. 563. Ahora bien, cada situación exige conjugar estos factores y considerar las circunstancias que apuntan o no a la conveniencia de permitir que la controversia se dilucide inicialmente en el foro administrativo. *Ferrer Rodríguez v. Figueroa,* 109 DPR 398, 402 (1980).

En lo concerniente al asunto bajo nuestra consideración, el Tribunal Supremo de Puerto Rico expresó en *MCS Advantage v. Fossas Blanco et al,* supra, pág. 148, que, conforme la ley habilitadora que crea la Oficina del Comisionado de Seguros, esta es la encargada de reglamentar todos los asuntos relacionados con la industria de seguros en Puerto Rico. Véase, además, *ECP Incorporated v. OCS*, 205 DPR 268, 275 (2020).

Por virtud del Código de Seguros, el Comisionado de Seguros es el llamado a fiscalizar y reglamentar el cumplimiento de las disposiciones de la ley que crea el mencionado ente gubernamental, así como "adjudicar controversias sobre violaciones al Código [de Seguros] o su reglamento". Art. 2.030 del Código de Seguros, 26 LPRA secs. 235 (2) y (14). Más relevante al caso de referencia resulta que es el Comisionado de Seguros el encargado de adjudicar las controversias que surjan al amparo de lo dispuesto en el Capítulo 30 del Código de Seguros, el cual recoge lo relacionado a la Ley para

el Pago Puntual de Reclamaciones y el Art. 30.020 del Código de Seguros. *MCS Advantage v. Fossas Blanco et al,* supra, pág. 149.

La *Ley para el Pago Puntual de Reclamaciones a Proveedores de Servicios de Salud*, Ley Núm. 104 de 19 de julio de 2002, añadió un nuevo Capítulo al Código de Seguros de Puerto Rico con el fin de fijar plazos a los aseguradores y a las organizaciones de servicios de salud para el pago de reclamaciones a los proveedores de servicios de salud; disponer el procedimiento para objetar las reclamaciones; y establecer penalidades.

A su vez, el Comisionado de Seguros ostenta la facultad y la autoridad en ley para examinar e investigar todas las controversias relacionadas al pago puntual de reclamaciones por servicios de cuidado de salud y facturación uniforme.[9] Particularmente, **el Comisionado de Seguros tendrá la jurisdicción original respecto a las controversias que surjan entre proveedores participantes y aseguradores u organizaciones de servicios de salud, al amparo de este capítulo**. La parte adversamente afectada por la determinación del Comisionado podrá recurrir en revisión judicial ante el Tribunal de Apelaciones de Puerto Rico. Art. 30.080 del Código de Seguros, 26 LPRA sec. 3007(c). (Énfasis nuestro).

### III.

Mediante su primer señalamiento de error, la parte apelante alega que incidió el TPI al desestimar la demanda de epígrafe, al declararse sin jurisdicción sobre la materia para resolver su demanda de sentencia declaratoria. Aduce que, contrario a lo decidido por el foro *a quo*, su reclamo no recae bajo la Ley Núm. 104-2022, pues la demanda está cimentada en la conducta de la parte apelada durante procesos de hospitalización acaecidos antes de que se generara una factura. Esboza que los contratos entre las partes

---

[9] Art. 15 del Reglamento del Código de Seguros de Puerto Rico, Reglamento Núm. 6559. Enmienda del 11 de mayo de 2012.

para la línea comercial y la línea de negocios de Medicare Advantage establecen que el foro con jurisdicción para ventilar controversias es el Tribunal de Primera Instancia. Particulariza que su causa de acción contiene asuntos de derecho que, ni los procedimientos internos de la parte apelada, ni los Reglamentos aplicables proveen espacio para atender, toda vez que no impugna el fundamento de las denegaciones de pago por parte de First Medical, sino la capacidad de éstas sobre cierta conducta.

De otro lado, la parte apelada está de acuerdo con la decisión tomada por el foro *a quo*, por entender que este no ostenta jurisdicción para resolver los méritos de la causa de acción incoada por el Hospital Auxilio Mutuo al amparo del mecanismo de sentencia declaratoria. Con respecto a la alegación de que las partes pactaron que el TPI sí tiene jurisdicción para ello, resalta que lo que surge de la Cláusula IX denominada *Enmienda y Terminación Acelerada*, inciso (A), es que las partes tienen disponible acudir al Tribunal de Primera Instancia, Sala de San Juan cuando surja cualquier disputa sobre la cancelación del contrato.[10] Así, esgrime que las controversias relacionadas con el pago de las reclamaciones se rigen por los términos y condiciones de la Ley Núm. 104-2002, la Regla 73 y los procedimientos internos de revisión de First Medical. Además, razona que constituye una contradicción jurídica la posición del Hospital Auxilio Mutuo mediante la cual intenta incumplir compromisos contractuales efectuados con First Medical e IMC, a los cuales consintió voluntariamente y que establecen expresamente los procesos disponibles para reclamar una eventual denegación del pago de sus facturas.

---

[10] Véase, contratos de servicios de hospital efectivos desde el 1 de septiembre de 2006 hasta el 31 de agosto de 2007 y desde el 1 de enero de 2015 hasta el 31 de diciembre de 2015. Apéndice del recurso, págs. 59-66 y 68-75.

Tras un análisis sereno del expediente, los hechos particulares del caso, el derecho aplicable y las argumentaciones de las partes, entendemos que la decisión apelada debe confirmarse. Es evidente que procedía la desestimación de la demanda instada por la parte apelante contra las entidades apeladas, por falta de jurisdicción sobre la materia.

En primer orden, cabe señalar que un examen concienzudo del expediente demuestra que, en efecto, la controversia traída a la atención del foro judicial se ciñe en el tranque del pago de más de 2,000 facturas denegadas por First Medical al Hospital Auxilio Mutuo. Por tanto, somos del criterio que el TPI correctamente se abstuvo de ejercer su jurisdicción y desestimó la *Demanda de Sentencia Declaratoria* presentada por el Hospital Auxilio Mutuo. Ello, toda vez que, como reseñamos, existen procesos internos que deben agotarse previo a acudir al foro judicial. En específico, el Hospital Auxilio Mutuo debe completar la vía administrativa interna que provee First Medical para atender las reclamaciones de negación de servicios de hospitalización y pagos facturados. De estar en desacuerdo, el Hospital podrá acudir a la Oficina del Comisionado de Seguros y, por último, podrá presentar un recurso de revisión judicial ante este Foro si no está conforme con la decisión del Comisionado.

Lo anterior es compatible con los contratos de servicios de hospital suscritos entre First Medical, IMC y el Hospital Auxilio Mutuo que obran en el expediente. En la Cláusula VII, que expone los términos, condiciones y limitaciones, se establece en el inciso (C) que el procesamiento y pago de reclamaciones (facturas) se efectuará conforme los términos y condiciones dispuestas en la Ley Núm. 104-2002, la Regla 73 del Comisionado de Seguros y el proceso de querellas de First Medical aprobado por el Comisionado de Seguros. Como mencionamos, la solicitud del Hospital Auxilio

ciertamente se circunscribe al pago de facturas. El hecho de que la controversia, según alegan, surge antes de la emisión de la factura no altera esta realidad.

Asimismo, debemos hacer hincapié en que de la contratación que surge del récord es claro que la jurisdicción del Tribunal de Primera Instancia, obviando el proceso interno se reservó para situaciones referentes a un posible incumplimiento por cualquiera de las partes de cualquiera de las cláusulas, términos o condiciones, **pero únicamente que ocasionara la terminación o cancelación del contrato**. De hecho, ello tiene más sentido al examinar que el inciso que recoge esa información está incluido en los contratos concernientes bajo una cláusula denominada *Enmienda y Terminación Acelerada*. Es decir, como bien concluyó el TPI, dicha la cláusula contractual no está dirigida al procedimiento específico de querellas de First Medical previsto en los contratos suscritos entre las partes y en las normas legales y reglamentarias para el procesamiento y pago de reclamaciones (facturas).

En conclusión, la parte apelante debe acatar los procedimientos internos establecidos por el contrato entre las partes y por la ley vigente para cuestionar la denegatoria de reclamaciones.

Aun si el Tribunal tuviera jurisdicción, el expediente revela que el Hospital Auxilio Mutuo intentó utilizar el mecanismo procesal de la sentencia declaratoria para promover su causa de acción, el cual resultaría ser inconveniente. En este caso no hay discordancias sobre la eficacia o interpretación del contrato. Como bien expuso el TPI en su dictamen: "Los términos del citado acuerdo son claros y así lo reconoce la propia entidad demandante. Por ello, no es necesario realizar ejercicio interpretativo alguno."

En armonía con lo anterior, es evidente que, considerar en una demanda de sentencia declaratoria miles de reclamaciones de pago correspondientes a servicios prestados a pacientes admitidos

desde el 2013 hasta el 2023 en la cuales se entrelazan varias líneas de negocios; la línea de *Medicare Advantage,* la línea del Plan de Salud del Gobierno de Puerto Rico o Plan Vital y la línea Comercial, no sería razonable, ni prudente. Ello, toda vez que cada factura requiere un examen particularizado.

Respecto a los demás señalamientos de error, concluimos que no es necesario su análisis o discusión debido a que el TPI actuó correctamente al declararse sin jurisdicción sobre la materia.

En ausencia de pasión, prejuicio o parcialidad, coincidimos con lo pronunciado por el Tribunal de Primera Instancia en su determinación. Procede confirmar la *Sentencia* apelada.

**IV.**

Por las consideraciones que preceden, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La Jueza Rivera Marchand concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones